UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

PRISCAH INGOSTSE INGUTIA,
and L.K.I.,

       Plaintiffs,

v.                               **MEMORANDUM OF LAW**
                                  Civil File No. 08-1503 (MJD/JSM)

DAVID BAUXTER, Director of
Seattle Passport Office; SEATTLE
PASSPORT AGENCY; JIM
CZECHOWICZ, Social Security
Administration Public Affairs Specialist;
RHONDA WHITENACK, Social
Security Administration Public Affairs
Specialist; and MICHAEL B. MUKASEY,
United States Attorney General;

       Defendants.
_____

Marcus A. Jarvis, Jarvis & Associates, PC, Counsel for Plaintiffs.

Mary L. Trippler, United States Attorney's Office, Counsel for Defendants.
_____

**I.    INTRODUCTION**

      This matter is before the Court on Defendants' Motion to Dismiss [Docket

1

No. 6], Plaintiffs' Motion for a Temporary Restraining Order [formerly Docket No. 2], Plaintiffs' Motion for Joinder [Docket No. 12], and Plaintiffs' Motion in Opposition to Respondents' Motion to Dismiss and Motion to Join an Interested Party [Docket No. 22]. The Court heard oral argument on June 24, 2008. On June 27, 2008, the Court issued an Order granting Defendants' Motion to Dismiss and denying Plaintiffs' Motion for a Temporary Restraining Order. The Order stated that a memorandum of law would follow. Accordingly, the Court issues the following memorandum of law.

## II.     BACKGROUND

### A.     Factual Background

Plaintiff LKI is a citizen of Kenya, born in 1990, who entered the United States on July 26, 2001, on a B-2 non-immigrant visa for pleasure, with an extended authorized period of stay ending on January 25, 2003. (Pls.' Exs. 2- 4.) LKI currently lives in Brooklyn Park, Minnesota. (Pls.' Ex. 11.)

In December 2002, LKI filed a Form I-539, seeking to extend her non-immigrant stay. (Pls.' Ex. 4.) Before the Form I-539 was adjudicated, LKI's mother, Plaintiff Priscah Ingostse Ingutia ("Mother") filed a Form I-130, petition for alien relative. Mother requested that the U.S. Citizenship and Immigration

Services ("USCIS") defer LKI's "current status . . . until I can sponsor [her] as a U.S. citizen." (Pls.' Exs. 4-5.) On August 24, 2007, the Form I-539 was denied because USCIS determined that, based on the I-130 and deferment request, LKI intends to remain in the United States permanently, was considered an intending immigrant, and was, therefore, precluded from the visitor classification and an extension. (Pls.' Ex. 4.)

LKI asserts that she has not left the United States since she first entered it.

On February 13, 2008, Mother was granted U.S. citizenship. (Pls.' Ex. 1.) She has also been issued a U.S. passport. (Pls.' Ex. 8.)

LKI recently applied for a passport from the U.S. Department of State, Seattle Passport Agency. On February 22, 2008, March 12, 2008, and March 24, 2008, the State Department requested that LKI submit further information, including a certificate of citizenship or other proof of citizenship in order to process her application. (Pls.' Ex. 6.) The State Department specifically stated that if a certificate of citizenship had not been obtained, LKI should submit a foreign birth certificate and evidence of admission into the United States for permanent residence. (Id.) LKI cannot provide the requested documentation because she has no certificate of citizenship and has not been admitted into the

United States for permanent residence.

On June 11, 2008, LKI applied for a social security card. (Pls.' Ex. 11.) The Social Security Administration ("SSA") informed LKI that a card could not be issued until she provided documents to show that she was a U.S. citizen or had lawful alien status permitting her to work in the United States, but LKI has not done so. (Pls.' Ex. 12.) See 20 C.F.R. § 422.107.

On March 7, 2008, LKI filed a Form N-600, an application for a certificate of citizenship. (Pls.' Ex. 7.)

### B.     Procedural Background

On June 3, 2008, Plaintiffs filed a Petition for Writ of Mandamus, Declaratory Judgment and Injunctive Relief in this Court. They alleged Count One, Substantive Due Process Violation, and Count Two, Procedural Due Process Violation. The named Defendants are David Bauxter, head of the Seattle Passport Office; the Seattle Passport Agency; Jim Czechowicz, public affairs specialist for the SSA; Rhonda Whitenack, public affairs specialist for the SSA; and Michael Mukasey, U.S. Attorney General (collectively "the Government").

On that same date, Plaintiffs also filed a Motion for Temporary Restraining Order. Plaintiffs ask that the Court order USCIS to immediately issue a certificate

of citizenship to LKI; order the SSA to immediately issue a social security card to LKI; and order the Seattle Passport Agency to immediately issue a U.S. passport to LKI.

On June 13, Defendants filed a Motion to Dismiss.  On June 18, Plaintiffs filed a Motion for Joinder seeking to join Rebecca Arsenault-Herize, acting supervisory adjudications officer of the USCIS St. Paul Field Office.

The Court heard oral argument on all motions before it on June 24, 2008.  On June 27, 2008, the Court issued an Order granting Defendants' Motion to Dismiss and denying Plaintiffs' Motion for a Temporary Restraining Order.  The Order stated that this memorandum of law would follow.

## III. DISCUSSION

### A. Statutory Framework

Plaintiffs assert that the Court has jurisdiction under the Constitution, the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1503(a), and the Administrative Procedure Act.  They also assert that the Court may have jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction, and may grant relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.  They also allege that the Court has mandamus jurisdiction

under 28 U.S.C. § 1361.

>The INA provides that
>
>If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States . . .

8 U.S.C. § 1503(a).

LKI asserts that she obtained U.S. citizenship when Mother was naturalized due to the Child Citizenship Act ("CCA"). The CCA provides:

>(a) A child born outside of the United States automatically becomes a citizen of the United States when all of the following conditions have been fulfilled:
>
>>(1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization.
>>
>>(2) The child is under the age of eighteen years.
>>
>>(3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence.

8 U.S.C. § 1431.

### B.     Whether LKI Is a U.S. Citizen

6

The parties agree that LKI has met the first and second elements of the CCA: LKI's mother has become a naturalized U.S. citizen and LKI is under the age of 18. The parties dispute whether LKI has met the portion of the third element requiring that LKI is "residing in the United States . . . pursuant to a lawful admission for permanent residence."

To meet third element, LKI must have legal permanent residence ("LPR") status in order to qualify for derivative citizenship under the CCA. It is not sufficient, as LKI argues, that she entered the United States legally and is still a minor residing in the United States. In order to receive derivative citizenship under the CCA, LKI must prove the "essential fact[] . . . that [s]he was residing in the United States as a permanent legal resident." Bagot v. Ashcroft, 398 F.3d 252, 257 (3d Cir. 2005) (analyzing predecessor statute to CCA). The term "lawfully admitted for permanent residence" is defined as "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C. § 1101(a)(20). Although LKI was lawfully admitted to the United States when she arrived in July 2001, she was admitted as a visitor and is not residing in the United States pursuant to lawful admission for ***permanent***

7

residence.

Because LKI is not yet a permanent legal resident of the United States, she does not qualify for citizenship under the CCA. During briefing, LKI also mentioned 8 U.S.C. § 1433 as a possible alternative ground for citizenship, but LKI has not pled or shown evidence supporting a claim under § 1433.

LKI has not met the requirements for citizenship under the CCA and the Court cannot use its equitable powers to confer citizenship or other benefits in violation of those requirements. INS v. Pangilinan, 486 U.S. 875, 883-84 (1988). LKI's claim for U.S. citizenship must fail.

### C.   INA Claim

Because LKI is not a U.S. citizen or national, she cannot state a claim under § 1503. In order to obtain a U.S. passport, LKI must provide proof that she is a U.S. citizen. A valid U.S. passport has "the same force and effect as proof of United States citizenship as certificates of naturalization or of citizenship." 22 U.S.C. § 2705. Passports shall only be issued to persons "owing allegiance . . . to the United States." 22 U.S.C. § 212.

To be eligible for a social security card, an application must show evidence of age, U.S. citizenship or status such as LPR, which permits an immigrant to

engage in employment in the United States, and of identity. 42 U.S.C. § 405(c)(2)(B)(i) (I-III); 20 C.F.R. § 422.107. Here, LKI cannot provide any documents to prove citizenship or another non-citizenship status that would allow her to work in the United States and obtain a social security card because she does not have citizenship, LPR, or another qualifying status.

Because LKI is not a U.S. national, her claim under § 1503(a) cannot survive. Additionally, she has not pled any final agency action has been taken. Moreover, under § 1503, LKI can only sue the agency or department heads. Defendants the Seattle Passport Agency, Czechowicz, and Whitenack are not the heads of a department or independent agency. Similarly, Arsenault-Herize, whom LKI seeks to join, is not the head of a department or agency.

### D. Alternative Grounds for Relief

Because LKI is not a U.S. citizen and does not have LPR status, she cannot show that she is entitled to relief under any of the other possible grounds that she mentions, such as the Administrative Procedure Act; 28 U.S.C. § 1331; the Declaratory Judgment Act, 28 U.S.C. § 2201; the All Writs Act, 28 U.S.C. § 1651; due process grounds, or mandamus jurisdiction under 28 U.S.C. § 1361. For example, because LKI does not meet the statutory requirements for citizenship –

9

or for an immigration status making her eligible for a social security card—, she cannot establish that any defendant has a clear non-discretionary duty to act, and her request for a writ of mandamus must be denied. See Castillo v. Ridge, 445 F.3d 1057, 1060-61 (8th Cir. 2006) ("A district court may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy.") (citation omitted).

   LKI has not complied with the clear requirements of the CCA. Nor can she provide proof of citizenship or LPR or other qualifying immigration status as required in order to obtain a U.S. passport or social security card. There is no allegation or evidence that the Government is improperly applying its statutes to LKI. Nor is there a final agency action in this case. The agencies implicated here have the competence and ability to resolve the issues in this matter and grant the relief sought. LKI has not shown that exhaustion of administrative remedies would be futile because the Government is biased or has predetermined the issue. She has not raised constitutional issues and exhaustion will not cause undue prejudice or unreasonable delay. In light of the evidence provided by LKI

that Mother asked the Government to defer action on LKI's legal status until Mother became as U.S. citizen, there is no evidence of undue delay by the Government. Therefore, LKI is not entitled to the relief that she seeks under any of the above statutes or doctrines.

In addition, the named Defendants are not the proper defendants in this matter. As previously explained, the Seattle Passport Agency, Czechowicz, Whitenack, and Arsenault-Herize are not the heads of a department or independent agency, or the Government decision makers in this matter. Also, Attorney General Michael B. Mukasey is not a proper defendant because the Secretary of the Department of Homeland Security now assumes his duties with regard to naturalization. See Taylor v. Barnhart, 399 F.3d 891, 895 n.2 (8th Cir. 2005).

### E.  Motion for Joinder

Plaintiffs seek to amend their Petition and join Rebecca Arsenault-Herize, acting supervisory adjudications office of the USCIS St. Paul Field Office, under Federal Rule of Civil Procedure 19(a). This motion is denied because Arsenault-Herize is not the head of an agency or department. Nor has she issued a final agency action. Additionally, for the reasons previously explained, LKI does not

state a claim for grant of citizenship against her.

## IV.   CONCLUSION

At this time, LKI has not achieved LPR status.  Because LKI has not achieved LPR status, she is not be eligible for naturalization under the CCA.  LKI cannot succeed on any of her claims – she is not entitled to citizenship or, therefore a passport, and, at this point, she does not have the immigration status required to obtain a social security card.  The Court cannot exercise its equitable powers to grant LKI these benefits in contravention of the statutes.  Because the Government is entitled to dismissal, LKI's motion for a temporary restraining order is denied as moot.

For the foregoing reasons, the Court issued its Order on June 27, 2008.


Dated: July 3, 2008                                                  s / Michael J. Davis
                                                                     Chief Judge Michael J. Davis
                                                                     United States District Court